## SCHOOL DISTRICT NO. 3 v. SCHOOL DISTRICT NO. 2
### (No. 1090; Decided Nov. 24, 1922; 210 Pac. 562)

APPORTIONMENT OF SCHOOL FUNDS ON DIVISION OF DISTRICT—STATUTORY CONSTRUCTION—SCHOOLS.

1. Section 2233 C. S. 1920 was intended to provide a just and equitable distribution between an old school district and a new district created therefrom of the school moneys and taxes in the possession of, or coming to, the original district at the time of the division of a new district therefrom, authorizing the old district to retain all funds but permitting the new district to draw thereon for its necessary school expenses until it had received its just proportion thereof. The statute does not require the old district to pay expenses of the new until the county treasurer shall pay the new the school moneys allotted to it or the taxes voted by it.

2. In the absence of statute, a new school district created from an old district, would receive no part of the funds in the hands of the old district no matter how large a part thereof it may have contributed while a part of the original district.

3. Apportionment means the act, process or result of apportioning; and by the words "proper apportionment of school moneys and taxes" as used in Section 2233 C. S. 1920, is meant the division and distribution proportionally between an old school district and a new district created therefrom.

4. Where a statute is fairly susceptible of two constructions, one just and equitable and the other unjust and inequitable, the former is to be perferred.

APPEAL from District Court, Platte County; HON. WILLIAM C. MENTZER, Judge.

Action by School District No. 3 in the County of Platte, State of Wyoming, against School District No. 2 in the County of Platte, from which plaintiff district had been created, to recover all school expenses of the new district until it had received from the county treasurer the school moneys allowed to it and the taxes voted by it.

*Thomas J. Bryant,* for plaintiff and appellant.

The legislature is vested with complete authority of school funds, (25 Amer. & Eng. Ency. 2nd Ed. p. 63) and may authorize a diversion of funds raised by taxation in one district to the use of other districts (24 R. C. L. 592.)   In the enactment of Section 2233 C. S. 1920, the legislature intended that funds in the treasury of an original school district should be used to meet school expenses in a new district created therefrom until the new district has received its proper apportionment of school moneys and taxes.   Under the circumstances a new district cannot receive its school money until it is paid over by the county treasurer after the end of the year in which it has been assessed and collected.   The language of the statute is clear and the refusal of the original district to pay the expenses of a new district on demand, authorizes a recovery in an action at law.

The trial court erred in admitting evidence tending to show that the funds of the old district were exhausted at the close of the spring term of 1920.   Legal inhibitions against the increase of the indebtedness of a school district extend only to voluntary indebtedness and not to such as is thrust upon them by operation of the law, (24 R. C. L. 610.)   The legislature has the right to control funds raised in the separate districts by taxation and may appropriate the same without the consent of the local bodies even though in so doing some of the funds raised by taxation in one district are diverted to the use of other districts, but it may not divert them to other than school purposes, (24 R. C. L. 592.)   In many of the states the method of diverting the assets and liabilities between school districts where a new district is cut off from an old district, is provided for by statute (Ind. District of Corwith v. District Twp. 107 Ia. 73, 77 N. W. 525; and see also 63 Ark. 433.)   In such cases the statute must be strictly followed.   Our statute has made no provision for a division of assets, but has clearly provided that until such time as the new district shall receive its proper apportionment of school moneys and taxes, its expenses shall

be paid by the original district. The new district in compliance with Sec. 2239-2783 C. S. 1920, voted a special tax at the annual meeting, but this tax money could not be apportioned to it until it had been collected by a public authority and apportioned and paid over to it by the county treasury.

It is respectfully submitted that the judgment of the court below was erroneous and should be reversed.

*W. E. Mullen,* for respondent.

The intention of the statute, Sec. 2233 C. S. 1920, is that a new district should have and use its proportion of the funds in the treasury of the parent district derived from taxation, and other revenue received, before division. The fiscal year of school districts ends on April 30th (Sec. 2238 C. S. 1920.) School operations commence about September first and continue into the following year. Provision is made for school district revenue by voting a tax at the district meeting in May and other proceedings during the summer, to provide for nine months of school, usually commencing on September 1st. In this case all of the revenue collected by the parent district, before division, was used in discharging contracts with teachers and other expenses created prior to division, that is, for completing the school year in both the old and new districts. At the May meeting in 1920 both the old and new districts voted a special tax, each upon property within their respective boundaries and each of them thereafter proceeded to provide for revenue, independent of the other, to meet the expenses of the fall term of school, commencing in September, 1920.

An amendment of this statute made by Chap. 133 L. 1921, Sec. 2, clearly indicates the intention of the legislature. The Constitution has not delegated to the legislature power to divert funds raised by taxation for a given purpose to be used for some other purpose. Art. XV, Section 13 of the Constitution provides that no tax shall be levied, except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same and to which it only shall be applied. (State v. Comm'rs., 8 Wyo. 104; School Dist. v.

Comm'rs., 15 Wyo. 82.)   The apportionment of a tax consists of a selection of the subjects to be taxed and in laying down the rule by which to measure the contribution which each of the subjects shall make to the tax.   (Barfield v. Gleason, 111 Ky. 491, 64 N. E. 964; Broadway Church v. McAtee, 71 Ky. 508.)   Apportion means to divide, to distribute among two or more.   (Jones v. Holgapfel, 11 Okla. 405, 68 Pac. 511.)   An apportionment may be made by act of law or of the parties.   (Smut v. McClintock, 84 Pa. 202, 30 At. 1021.)   School districts seldom have available cash until after the tax collection period and one district is in no more favorable position than another in this regard.   The suggestion that an old district should keep a new district supplied with cash until the new district receives its revenues in cash, is on its face an absurdity and the legislature did not intend that such a rule should be observed. in the fiscal affairs of school districts.

Appellant district has shown an unfair attitude in attempting to shift a portion of its own lawful burden upon respondent.   There is nothing in the evidence showing that appellant did not, in fact, receive its proper share of the funds in the treasury of the parent district at the time of division.

Burgess, District Judge.

In April 1920, in Platte County, this state, School District No. 3 was formed out of a part of the territory of District No. 2.   The new district proceeded to organize and in May following voted a tax to defray its school expenses for the remainder of the fiscal school year.

The old district paid the expense of the schools in the new from the time of the division until their close the summer following, but refused to pay thereafter.   The new district thereupon brought this suit against the old upon the theory that by virtue of Sec. 2233, Wyoming 1920 Compiled Statutes, the old district was liable for all the school expenses of the new until the new district had received from the County Treasurer the school moneys alloted to it and the taxes voted

by it. This section upon which depends the rights of the parties reads as follows:

"Sec. 2233. Funds of new Districts. Whenever the district boundary board shall have formed or established a new district from districts already legally organized, the school board of such newly organized district may draw the public school funds for paying teachers or other necessary legal school expenses from the school treasury of the district from which it was separated until such a time as the newly organized district shall receive its proper apportionment of school moneys and taxes. In like manner, any district which is established from two or more districts may draw the proper school funds for payment of teachers or other necessary legal school expenses from the treasury of the districts to which the said new school district formerly belonged."

The statute says the old district shall pay the expenses of the new until the new has received its proper apportionment of school moneys and taxes. From what source it shall receive them the statute fails to specify, and this failure affords room for the conflicting constructions which have given rise to this controversy. A careful consideration of the statute, however, impels us to the conclusion that it was the intent of the legislature in enacting it to bring about in the division of school districts a just and equitable distribution between the old and the new of the school moneys and taxes in the possession of, or coming to, the original district at the time of the division, authorizing the old district to retain all funds but permitting the new to draw thereon for its necessary school expenses until it had received its just proportion thereof.

In the absence of a statute requiring such a distribution the new district would, according to much authority, receive no part of the funds in the hands of the old no matter how large a part thereof it may have contributed while a part of the original. (See 35 Cyc. 850 and cases there cited.)

The construction contended for by the new district finds no sufficient justification in the language of the statute. Apportionment means the act, process, or result of appor-

tioning, and to apportion means to divide and distribute proportionally. By ''proper apportionment of school moneys and taxes'' as used here is meant their division and distribution proportionally between the old district and the new. The statute does not read that the old must pay the expenses of the new until the county treasurer shall pay the new the school moneys allotted to it or the taxes voted by it. To read it so would be to read into it that which is not there and would involve the old district in consequences harsh and unjust. There is a familiar rule of statutory construction that where a statute is fairly susceptible of two constructions, one just and equitable, the other unjust and inequitable, the former is to be preferred.

In the case at bar the record fails to disclose the share, if any, to which the new district was entitled of the school moneys and taxes belonging, or coming, to the original district at the time of the division and retained by the old, and, for all that appears, the new district may have received from the old its proper apportionment of school moneys and taxes. The District Court was therefore right in rendering judgment in favor of the old district.

Kimball and Blume, JJ., concur. Burgess, District Judge, sat in place of Potter, Ch. J., who is ill.